IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TECHMATIC, INC.,**<br><br>**Plaintiff/Counter-Defendant,**<br><br>**v.**<br><br>**PLATING SPECIALISTS, INC., PATRICK MURPHY, BARRY SCHROER, MICHAEL O'ROURKE, HENDRIK GREVE, BRIAN GREENE, and PAVCO, INC.,**<br><br>**Defendants/Counter-Plaintiffs.** | ) | **Case No. 3:20-cv-01078**<br>**Judge Aleta A. Trauger** |

**MEMORANDUM & ORDER**

Plaintiff Techmatic, Inc. has filed a Motion for Review of Nondispositive Order of Magistrate Judge Regarding Stolen Data, which asks the court to set aside the referenced Order as "clearly erroneous or contrary to law." (Doc. No. 109, at 2.) For the reasons set forth herein, the motion is **DENIED**.

## I. BACKGROUND

Leading up to this motion, the parties, pursuant to the procedure outlined in the Initial Case Management Order, filed a Joint Discovery Dispute Statement (Doc. No. 99), summarizing their respective positions regarding the production of three computer hard drives in the possession of individual defendants Patrick Murphy, Michael O'Rourke, and Hendrik Greve (the "individual defendants").[1] The plaintiff maintains, in short, that the hard drives should be turned over to it in

[1] Counsel for the individual defendants represents that "[t]he subject hard drives are [now] in the possession of the Individual Defendants' counsel, and not the Individual Defendants." (Doc. No. 99, at 9.)

their entirety. The individual defendants maintain that the plaintiff is not entitled to confidential, personal information relating only to the individual defendants that is on the hard drives; they propose producing images of the hard drives through a protocol involving the intervention of computer forensic experts for both parties in order to provide to the plaintiff all of the information and data it is entitled to discover while also protecting the individual defendants' private information.

Shortly after the filing of the Joint Discovery Dispute Statement, Magistrate Judge Frensley conducted a case management conference with the parties, during which he heard oral argument relating to the discovery dispute. He subsequently entered the Order to which Techmatic objects, "declin[ing] to order that the entirety of the external hard drives at issue be produced to the Plaintiffs." (Doc. No. 101, at 1.) Instead, he ordered the parties to meet and confer and, with the court's guidance, to develop an appropriate protocol "to insure that all relevant information on the hard drives is produced." (*Id.*) He ordered the parties to promptly file the proposed protocol, and they complied with that directive. (*See* Proposed Protocol, Doc. No. 111.)[2]

Meanwhile, however, the plaintiff filed its Motion for Review of the Magistrate Judge's Order declining to require production of the hard drives. The individual defendants have filed a Response (Doc. No. 112), and the plaintiff filed a Reply (Doc. No. 113).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial [nondispositive] matter pending before the court. When such a "pretrial matter not dispositive of a party's claim or defense" is thus referred, "the magistrate judge must

---

[2] Techmatic signed and approved the Proposed Protocol, but without waiving its current objections. (*See* Doc. No. 111, at 1.)

promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). If a magistrate judge issues such an order, any party "may serve and file objections to the order within 14 days after being served with a copy." *Id.* If such objections are filed, the district court must consider them and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A).[3]

In light of this "limited standard of review," *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993), the district court is not empowered to reverse the magistrate judge's finding simply because it would have decided the issue differently. "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## III. DISCUSSION

The plaintiff urges the court to require the individual defendants to turn over the subject hard drives in their entirety, because they contain data "stolen from Techmatic's computers" and constitute both "[d]irect evidence of Defendants' violation of the Computer Fraud and Abuse Act" and "[e]vidence relevant to Defendants' other misconduct" that Techmatic is entitled to discover. (Doc. No. 110, at 2.) The plaintiff, however, does not remotely explain why the Proposed Protocol

[3] Although the Federal Rules of Civil Procedure and the federal statute refer only to "objections," this court's Local Rules require a party who objects to a magistrate judge's non-dispositive order to file a "Motion for Review of Nondispositive Order of Magistrate Judge." L.R. 72.01(a).

does not protect its interests while, at the same time, protecting the individual defendants' privacy concerns. It has not demonstrated that it will be prejudiced in any discernable manner by the production of the hard drives subject to the Proposed Protocol. Instead, it simply insists that the individual defendants waived whatever privacy objections they might otherwise have had to producing the hard drives and that the Magistrate Judge's Order effectively "rewards" the individual defendants for stealing the data, wiping the hard drives on Techmatic's computers after copying the data on them to their own hard drives, falsely representing that they did not keep data that was on the Techmatic computers, and continuing to withhold and use the data during the course of this litigation. Techmatic also maintains that it always had an absolute right to the data on the laptop computers that it owned and, therefore, that the individual defendants never had a legitimate privacy interest in any of the materials they stored on their work computers.

The plaintiff's citations, however, do not support its assertion that the individual defendants waived whatever privacy interests they had in the private material that they deleted from Techmatic's computer and stored on their own hard drives. The case Techmatic cites relies on Rule 33 of the Federal Rules of Civil Procedure, which states in pertinent part that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The plaintiff claims that the individual defendants did not object to discovery requests and instead "simply lied about having copies of the Stolen Data." (Doc. No. 99, at 7.)

The subject discovery requests appear to be the plaintiff's requests in its First Set of Requests for Production of Documents to each of the three individual defendants that they "[p]roduce copies of all 'deleted materials' identified in response to Paragraph 107 of the Amended Complaint." (*See* Doc. No. 99-1, at 24, 54, 85.) The individual defendants objected to this request

on the grounds that it was ambiguous and called for documents that no longer exist and, without waiving these objections, also stated that they did not have any documents responsive to this request. Paragraph No. 107 of the Amended Complaint alleges: "To cover up their conspiracy with PSI and others, Mr. Schroer, Mr. Pat Murphy, Mr. O'Rourke, and Mr. Greve deleted all data on Techmatic-issued computers before returning them." (Doc. No. 18 ¶ 107.) The individual defendants have consistently maintained that they did not engage in a conspiracy and, therefore, that there was no evidence of such a conspiracy on their computers. They also maintain that the request was ambiguous because it was not possible to produce something that has been deleted.

Both parties have engaged in hyperbole and the parsing of words and definitions, but the identified request is ambiguous on its face, in particular because it references a disputed statement of fact. The court cannot find that the individual defendants ever affirmatively waived any objection to the request, particularly as their later explanations for why they "wiped" their computers expressly reference privacy concerns. (*See* Doc. No. 99-1, at 11, 41, 71.)

Nor has the plaintiff supported its assertion that it had a right to the individual defendants' private information simply because that information was, at one point, stored on Techmatic's computers and commingled with business data relating to Techmatic. It cites the Tennessee Online Privacy Act of 2014, which expressly provides that, unless "otherwise provided by law, an employer is not prohibited from . . . [m]onitoring, reviewing, accessing, or blocking electronic data stored on an electronic communications device supplied by or paid for wholly or in part by the employer." Tenn. Code Ann. § 50-1-1003(b)(5). Regardless of whether Techmatic had the right to access data while it was, in fact, stored on a Techmatic-owned computer, the individual defendants also have a legitimate argument that they were not legally prohibited from removing that personal information from the Techmatic-issued computers when they separated from Techmatic

(irrespective of the propriety of actually "wiping" those computers by returning them to factory settings).

Finally, while the scope of discovery is indeed broad, *see* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."), Techmatic has not shown that the individual defendants' private information is actually relevant to its claims.

For all of these reasons, the court finds that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. In declining to order production of the hard drives and instead requiring the parties to jointly "develop an appropriate protocol with the Court's guidance to insure that all relevant information on the hard drives is produced" (Doc. No. 101, at 1), he appropriately exercised his discretion to protect the interests of both parties without discernable prejudice to the plaintiff.

## IV. CONCLUSION AND ORDER

The court has reviewed the Magistrate Judge's Order and finds that the ruling is neither contrary to law nor based on clearly erroneous findings of fact. The request to set aside or modify the Order is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge